**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BLAKE TAYLOR; MARK FLOOD, | No. CV-08-1218-PHX-GMS |
| Plaintiffs, | **ORDER** |
| vs. | |
| ALLIED VAN LINES, | |
| Defendant. | |

Pending before the Court is the Motion to Dismiss of Defendant Allied Van Lines ("Allied"). (Dkt. # 27.) For the following reasons, the Court grants the motion.[1]

**DISCUSSION**

On May 21, 2008, Plaintiffs Blake Taylor and Mark Flood filed a complaint in Arizona Superior Court alleging various state law claims against Defendant Allied, a motor carrier.[2] (Dkt. # 1 Ex. 1.) The allegations arose out of Allied's transportation of Plaintiffs'

---

[1] Defendant has requested oral argument. That request is denied because the parties have thoroughly discussed the law and the evidence, and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

[2] Plaintiffs also made claims against Allied's parent company, but it has since been dismissed from this action by stipulation. (Dkt. # 23.)

1 household goods from Texas to Arizona. (*See id.*) Defendants removed the case to this
2 Court on July 1, 2008, pursuant to 28 U.S.C. §§ 1441 (2006) and 1445(b) (2006).

3       Allied filed a motion to dismiss on July 9, 2008. (Dkt. # 8.) In the motion, Allied
4 argued that all of Plaintiffs' state law claims were preempted by the Carmack Amendment,
5 49 U.S.C. § 14706 (2007). (*Id.* at 2-9.) In their response to the motion, Plaintiffs did not
6 dispute that argument and advanced no authority holding that such state law claims are not
7 subject to Carmack Amendment preemption. (*See* Dkt. # 13 at 2-5.) Instead, Plaintiffs
8 argued that "simply because [they] did not specifically allege that Defendant Allied violated
9 the Carmack Amendment by name does not compel dismissal of their complaint." (*Id.* at 4.)
10 Plaintiffs thereupon urged the Court to follow *Margetson v. United Van Lines, Inc.*, 785 F.
11 Supp. 917, 922 (D.N.M. 1991), which held that although a plaintiff's state law claims arising
12 out of the interstate shipment of her household goods were preempted by the Carmack
13 Amendment, the plaintiff's complaint should nevertheless not be dismissed because it could
14 be construed as stating a Carmack Amendment claim. The *Margetson* court thus dismissed
15 the plaintiff's state law claims but permitted a Carmack Amendment claim to proceed. *Id.*
16 Plaintiffs asked that this Court do the same.

17       On December 15, 2008, based on both the authorities provided by Allied and
18 Plaintiffs' failure to dispute preemption, this Court dismissed Plaintiffs' state law claims
19 against Allied, holding that they were preempted by the Carmack Amendment. (Dkt. # 18
20 at 3 ("[T]he Court concludes that Plaintiffs' claims against Allied are preempted by the
21 Carmack Amendment.").) Further, the Court distinguished *Margetson* because Plaintiffs'
22 Complaint, even when read liberally, failed to allege all of the elements of a prima facie
23 claim under the Carmack Amendment. (*Id.*) However, Plaintiffs had also requested that the
24 Court permit them to amend their pleading (Dkt. # 13 at 5-6), and because Allied did not
25 oppose that request (*see* Dkt. # 14 at 3), the Court granted Plaintiffs leave to amend the
26 Complaint in order "to correct its deficiencies." (Dkt. # 18 at 3.)

27
28

- 2 -

Plaintiffs filed an Amended Complaint that, in addition to pleading a Carmack Amendment claim, also repled the state law claims.[3] (Dkt. # 24.) Allied now advances a second motion to dismiss the state law claims, arguing that the Court has already found them preempted and has, in fact, already dismissed them from the case. (Dkt. # 27.) Allied is correct. The Court found that the Carmack Amendment is the proper vehicle for Plaintiffs' claims arising from loss or damage to goods carried in interstate commerce and that Plaintiffs' state law claims are thus preempted. (Dkt. # 18 at 3.)

Plaintiffs' argument to the contrary (which Plaintiffs failed to advance in the original briefing on this matter) is that Allied did not issue a bill of lading, and therefore the Carmack Amendment is inapplicable. (Dkt. # 32.) Even if Plaintiffs had properly presented this argument to the Court in opposition to the initial motion to dismiss, Plaintiffs' argument would still fail because it confuses the issues of liability and preemption. The Carmack Amendment *preempts* all state law claims of the kind made by Plaintiffs. *See White v. Mayflower Transit, L.L.C.*, 543 F.3d 581, 584 (9th Cir. 2008) ("The Carmack Amendment is a federal statute that provides the exclusive cause of action for interstate shipping contract claims, and it completely preempts state law claims alleging delay, loss, failure to deliver and damage to property."); *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 688 (9th Cir. 2007) ("It is well settled that the Carmack Amendment is the exclusive cause of action for interstate-shipping contract claims alleging loss or damage to property."); *Hughes Aircraft Co. v. N. Am. Van Lines, Inc.*, 970 F.2d 609, 613 (9th Cir. 1992) ("Hughes wisely concedes that federal law preempts any state common law action against North American acting solely as a common carrier. It is clear that the Carmack Amendment established a uniform national liability policy for interstate carriers."). Carriers can limit their *liability* under the Carmack Amendment if they meet four requirements, including the issuance of a bill of lading. *See*

---

[3]The Amended Complaint added a new state law claim for negligence that was not pled in the original Complaint, but neither party suggests that this claim is different from the other state law claims such that it would not fall under the Court's prior ruling that all of Plaintiffs' state law claims are preempted by the Carmack Amendment.

- 3 -

*Hughes*, 970 F.2d at 611-12 ("Before a carrier's attempt to limit its liability will be effective, the carrier must (1) maintain a tariff in compliance with the requirements of the Interstate Commerce Commission; (2) give the shipper a reasonable opportunity to choose between two or more levels of liability; (3) obtain the shipper's agreement as to his choice of carrier liability limit; and (4) *issue a bill of lading prior to moving the shipment that reflects any such agreement*.") (emphasis added).

The mere fact that a carrier may not be able to limit its liability under the Carmack Amendment, however, does not affect whether the Carmack Amendment is the exclusive remedy for a plaintiff to advance claims against an interstate shipper. The *Margetson* court explained this distinction well, rejecting the very same argument made by Plaintiffs here. In that case, the plaintiff argued that "in order for a carrier to bring itself within the protection of the Carmack Amendment, the carrier must prove compliance with the [above-described] four requirements," including that "the carrier issued a receipt or bill of lading prior to moving the shipment." *Margetson*, 785 F. Supp. at 921. The *Margetson* court rejected that argument, noting that the plaintiff:

> improperly confuse[d] the issues of permissible limitation of liability and preemption. The Carmack Amendment imposes absolute liability on carriers for loss of or injury to property. Carriers may, however, successfully limit their liability under the Amendment by complying with the four requirements set forth above.
>
> The distinction between when one is covered by the Carmack Amendment and when liability is successfully limited under the Amendment is clearly set out in the *Hughes* decision, in which the court held that [the] plaintiff's state and common law remedies were preempted by the Carmack Amendment, and *then* went on to address the issue of whether defendants had properly complied with the requirements necessary to limit liability.

*Id.* (citing *Hughes v. United Van Lines, Inc.*, 829 F.2d 1407, 1412-24 (7th Cir. 1987)); *see also Taylor v. Mayflower Transit, Inc.*, 22 F. Supp. 2d 509, 511 (W.D.N.C. 1998) ("Plaintiffs contend that in order for the Carmack Amendment to be applicable, Defendants must prove compliance with certain requirements. . . . Plaintiffs are confusing the issues of application

- 4 -

of the Carmack Amendment with Defendants' limitation of liability. Compliance on the part of the Defendants with the requirements mentioned by the Plaintiffs may limit their liability under the Carmack Amendment, but does not affect preemption."). As these cases make clear, even if Allied did not issue a bill of lading, and therefore cannot limit its liability, the Carmack Amendment nevertheless remains "the exclusive cause of action for interstate shipping contract claims," and Plaintiffs' state law claims are thus preempted. *White*, 543 F.3d at 584.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Dkt. # 27) is **GRANTED**.

**IT IS FURTHER ORDERED** that counts one through five of the Amended Complaint (Dkt. # 24) are **DISMISSED** with prejudice. The only remaining claim in this case is count six of the Amended Complaint, asserting liability under the Carmack Amendment.

DATED this 28th day of April, 2009.

G. Murray Snow
United States District Judge